COMMONWEALTH *vs.* FRANCIS H. MORRELL & another.

To identify the tag of a valise, oral evidence of words written on it is admissible, without producing the tag itself or proving its loss.

The decision of the presiding judge at a trial, upon the credibility of evidence of the loss of a written instrument, offered on a hearing preliminary to the introduction of secondary evidence of its contents, is conclusive, and not subject to exceptions.

On a preliminary hearing, by the judge presiding at a criminal trial, of the circumstances under which confessions of the defendant, offered in evidence, were obtained, his direction to the prosecuting officer to conduct the examination of the witnesses, and refusal to permit the defendant's counsel to cross-examine them, afford no ground of exception.

INDICTMENT for robbery. At the trial in the superior court, before *Devens,* J., the defendants were found guilty, and alleged exceptions which were allowed as follows :

" The evidence for the Commonwealth tended to show that Thomas Wait of Greenfield was robbed on the night of February 19, 1868, at Greenfield. There was further evidence tending to show that Anthony Baker, one of the defendants, the day after the robbery shipped by express from South Deerfield two valises for Chicago, Illinois. The express agent at South Deerfield testified that he affixed tags to the valises, which ne marked, by direction of Baker, ' B. Anthony, Chicago, Ill.,' which name Baker gave as his own. Afterwards James P. Wade, a

detective officer, testified that he and one Jones, his partner, arrested the defendants at Chicago, took possession of their baggage, and detached the tags from their valises for the purpose of preserving them as evidence.   The witness was proceeding to state what was written on the tags so detached by him, when the defendants' counsel objected, claiming that the tags must be produced or shown to be lost before the writing thereon could be given by the witness.   The witness then testified that he had kept the tags, taken them to Boston, and given them to Jones, and that they had been placed by Jones in a drawer in the office jointly occupied by Jones and the witness, to which drawer they both had access and keys, and of which both had equal control ; that Jones and himself had together looked for said tags ; and that they could (did ?) not find them, and he believed them to be lost.   Jones was not called as a witness.   On this testimony, and against the defendants' objection, the presiding judge ruled that the witness might state what was written on the tags ; and the witness stated that on the tags was written ' B. Anthony, Chicago, Ill.'

" The prosecuting officer introduced Wade and several other witnesses to testify to conversations with the defendants, with a view to show admissions and confessions by them.   In case of each of these witnesses the defendants' counsel requested that a· preliminary examination be instituted by the court as to the· circumstances under which the admissions or confessions were· obtained.   These examinations being in each case instituted, the defendants' counsel claimed the right to cross-examine the various witnesses on the preliminary issue.   The presiding judge ruled that as matter of law no such cross-examinations could be allowed ; and the witnesses, after being examined by the prosecuting officer under the direction of the court to ascertain whether any promises or threats were made, or other improper inducements offered, to draw forth confessions from the defendants, were permitted to state their conversations with the prisoners, containing admissions and confessions, under objections by the defendants."

*W. S. B. Hopkins,* (*D. Aiken* with him,) for the defendants.

*C. Allen*, Attorney General, for the Commonwealth.

CHAPMAN, C. J.   The law generally requires the production of the highest evidence of which a thing is capable; and evidence is to be excluded which supposes still higher evidence behind in the possession or power of the party.   But the rule is far from being universal.   For example, it does not require that a supposed writer shall be called to prove his own handwriting, or that a person whose identity is to be proved shall be produced in court.   The same is true in respect to an animal or any other object the identity of which is to be proved.

The general rule is most frequently applied to writings, where proof is offered of their contents.   The writing itself must be produced.   But there are many exceptions as to writings.   An inscription on a banner or flag carried about by the leaders of a riot may be proved orally.   *The King* v. *Hunt*, 3 B. & Ald. 566. Or a direction contained on a parcel.   *Burrell* v. *North*, 2 Car. & Kirw. 679.   Or a notice to an indorser of a promissory note. *Eagle Bank* v. *Chapin*, 3 Pick. 180.

In the present case, the tag referred to was not a document, but an object to be identified.   The words written upon it served to identify it; and the court are of opinion that oral evidence was admissible for this purpose, and that it was not necessary to produce the tag.   An inspection of the tag with the written direction upon it might have been more satisfactory to the jury than an oral description of it, and therefore might be regarded as the stronger evidence; but the strength of evidence and the admissibility of evidence are different matters.

But even if it ought to have been produced in the absence of evidence of its loss, the proof of loss was adduced to the judge, and his decision as to the credibility of the evidence of loss was conclusive, and not subject to exception.   *Foster* v. *Mackay*, 7 Met. 531.

The other exception relates to the confessions of the defendants.   Their counsel requested that a preliminary examination be instituted by the court as to the circumstances under which the confessions were obtained.   The purpose of such an examination is to satisfy the judge whether the evidence is admis-

Commonwealth *v.* Morrell & another.

sible. Upon the request being made, it was for him to direct the course of the examination; and he might, if he thought proper, direct the prosecuting officer to conduct it. The defendants' counsel had no legal right to conduct it contrary to the direction of the judge; and the extent to which it should be carried, and its effect upon the admissibility of the confessions, were to be decided by the judge. It is not alleged that the right of cross-examination was abridged when the evidence was offered to the jury. The court can see nothing in the proceedings that is subject to exception. *Exceptions overruled.*