## MORGAN et al. v. THE STATE.

1. When two persons are jointly indicted for murder, one as principal in the first degree, and the other as principal in the second degree, each may be convicted upon evidence showing that he was either the absolute perpetrator of the crime, or was present aiding and abetting the other in its commission.
2. The evidence was entirely circumstantial, and as to one of the accused was not sufficient to authorize the verdict. As to whether it was sufficient to authorize the verdict as to the other accused, the six Justices are equally divided in opinion, and as to him the judgment stands affirmed by operation of law.

Argued April 23, — Decided June 8, 1904.

Indictment for murder. Before Judge Roan. Fulton superior court. March 19, 1904.

*Moore & Moore* and *W. C. Munday*, for plaintiffs in error.

*John C. Hart*, attorney-general, and *C. D. Hill*, solicitor-general, contra.

COBB, J. Andy Morgan and Henry Gaddy were placed upon trial under an indictment charging them with the offense of murder. The indictment contained two counts. The first count charged Andy Morgan with the offense of murder in killing Ben Stroup. The second count charged Andy Morgan with being the actor or absolute perpetrator of the crime, and Henry Gaddy with being present, aiding and abetting Andy Morgan in its commission. The jury returned a general verdict of guilty against both of the accused. Their motion for a new trial was overruled, and they excepted.

1. Complaint is made that the court erred in charging as follows: "As before stated, gentlemen, the burden is upon the State to prove each and every material allegation in the bill of indictment, every necessary fact. The necessary facts to be proved are these: that Andy Morgan, either by himself or in concert with Henry Gaddy, or that Henry Gaddy, either by himself or in concert with Andy Morgan, did in the county of Fulton, at or about the time charged in this bill of indictment, shoot and murder Ben Stroup, as charged in the bill of indictment." There was no error in this charge. "When principals in the first and second degrees are punished alike, no distinction between them need be made in the indictment. The act of one is the act of all." *Leonard* v.

*State,* 77 *Ga.* 764. See also *Collins* v. *State,* 88 *Ga.* 347; *Nobles* v. *State,* 98 *Ga.* 77. All these cases relate to the conviction of one charged as a principal in the first degree on evidence showing him guilty as a principal in the second degree. But the converse of this proposition is likewise true. "An indictment that A gave the mortal blow, and B, C, and D were present and abetting, is sustained by evidence that B gave the blow, and A, C, and D were present and abetting." East, P. C. 350, § 121. "In an indictment for murder, where several are charged as principals, one as principal perpetrator, and the others as present aiding and abetting, it is not material which of them is charged as principal in the first degree, for the mortal injury done by any one of those persons is, in legal contemplation, the act of each and every one of them." State *v.* Fley, 2 Brev. 338, 4 Am. Dec. 583. See also Whart. Cr. Ev. § 102, p. 95, and cit. in n. 2; Benge *v.* Com., 92 Ky. 1; State *v.* Putman, 18 S. C. 175; State *v.* Ross, 29 Mo. 32 (2). The question under discussion was not involved in *Lovejoy* v. *State,* 82 *Ga.* 87.

2. The evidence was entirely circumstantial, and we are all of the opinion that it was not of such a character as to show, beyond a reasonable doubt, that Gaddy was guilty, and therefore the judgment will be reversed as to him. The case against Morgan is somewhat stronger, and Justices Candler and Evans and the writer are of opinion that the evidence is sufficient to authorize the verdict as to him. The Chief Justice and Justices Fish and Lamar do not think that the evidence as to Morgan was sufficient to relieve the case from all reasonable doubt. The Justices who are of opinion that the evidence is sufficient are also agreed that none of the special assignments of error are of such a character as to require a reversal of the judgment, or even to require any elaborate discussion; and all of the Justices concur in the proposition stated in the first headnote.

*Judgment reversed as to Gaddy; and affirmed as to Morgan by operation of law.*