## PATTERSON *v.* THE STATE.

The evidence, although conflicting, was sufficient to authorize the verdict, and there was no error in overruling the motion for a new trial.

Submitted October 16,—Decided November 8, 1905.

.Indictment for murder. Before Judge Freeman. Heard superior court. June 28, 1905. .

Burrell Patterson and Mac Patterson were jointly indicted for the offense of murder. They elected to be tried separately; and Mac Patterson was tried and convicted. His motion for a new trial, based on the general grounds only, having been overruled, he excepted. The evidence introduced by the State tended to show the following facts :. On the 20th day of April, 1904, Burrell Patterson, son of the accused, had a difficulty with William Stewart. This resulted at the time in nothing serious, and the two separated. A short while afterward, from a half hour to an hour and a half, Stewart was shot by Burrell Patterson and killed. There was evidence of two witnesses that the accused gave his son a pistol, telling him to go and kill Stewart, and that he (Burrell Patterson) would never land in jail, as he (Mac Patterson) had money to keep him out. Burrell Patterson, accompanied by his father (two or three steps apart, according to one witness; ten steps apart, according to another), went in search of Stewart, and, having met him, Burrell. threw a brick at him, and then fired two shots from a pistol, from the effects of which Stewart died. Mac Patterson was present, within five to ten steps of Burrell when he fired, and immediately after the killing the two walked away together. The evidence introduced by the accused was in conflict with that of the State, as to the presence of the accused at the time of the killing, and as to the accused having given Burrell a pistol with instructions to kill Stewart, and in other particulars.

*Hamrick & Smith,* for plaintiff in error.

*John C. Hart, attorney-general, J. R. Terrell, solicitor-general,* and *W. C. Wright,* contra.

Cobb, P. J.　The indictment charged each of the accused as principal in the first degree.　Under such an indictment, evidence that one of them was the actual perpetrator, and the other was present aiding and abetting in the commission of the offense, would be sufficient to authorize the conviction of the latter.　One charged as principal in the first degree may be convicted on evidence showing him guilty as principal in the second degree.　*Morgan* v. *State,* 120 *Ga.* 294, and cit.　The only question in the case is whether the evidence is sufficient to show that Mac Patterson was present at the time of the killing, aiding and abetting his son in the commission of the crime.　The evidence is voluminous, and is conflicting on many material points; but there was evidence which would authorize a finding that, only a short time before the killing, Mac Patterson had given his son a pistol with directions to find Stewart and kill him, and that when the son went in search of Stewart the father followed him, and at the time of the killing was within a few feet of the son.　If one advise and counsel another to commit a crime, and then immediately go with that other to the place where the crime is committed, and is actually present, seeing the crime committed, and does nothing to prevent its perpetration, he may be lawfully convicted as a principal in the second degree, although no distinct act by him is shown to have occurred at the time of the perpetration of the offense.　See *Thornton* v. *State,* 119 *Ga.* 440. In the case of *Walker* v. *State,* 118 *Ga.* 10, there was no evidence of a conspiracy, nor was there any evidence that the person present at the time of the killing had advised or counseled the commission of the crime.　　　　*Judgment affirmed.　All the Justices concur.*