*J. R. Hutcheson, solicitor-general, W. W. Mundy,* contra.

---

## 9008. McDonald v. The State.

HARWELL, J. 1. The excerpt from the charge of the court complained of in the 4th ground of the motion for a new trial correctly defines the offense of larceny from the person, and the exception taken thereto, that the court failed "to charge the law as to principals in the first and second degree," is not well taken. *Collins* v. *State*, 88 *Ga.* 347 (14 S. E. 474); *Morgan* v. *State*, 120 *Ga.* 294 (48 S. E. 9); *Hill* v. *State*, 18 *Ga. App.* 259 (89 S. E. 351).

2. The charge of the court excepted to in ground 5 of the motion, when considered in connection with the other portions of the charge, was not erroneous for any of the reasons assigned.

3. The charge of the court complained of in ground 6 of the motion instructed the jury: "In order to convict on circumstantial evidence, the facts proven in the case must not only be consistent with the guilt of the accused, but it must be inconsistent with any other reasonable hypothesis except that he is guilty; if it is not, you would not be authorized to convict upon circumstantial evidence." This charge is substantially in the language of the code, and is not erroneous for any reason assigned.

4. The charge of the court on the subject of alibi, excepted to in ground 7 of the motion, is as follows: "There is evidence in this case for the purpose of showing that the defendant is not guilty because he was not present at the time and place that the larceny was committed, if a larceny was committed. That is known in law as an alibi. Alibi as a defense involves the impossibility of the presence of the defendant at the time that the crime was committed, if it was committed. As a defense, an alibi must be established to the satisfaction of the jury. However, the jury may consider the proof as to alibi along with the other proof, and should consider the proof along with the other proof in the case to determine whether or not guilt is shown beyond a reasonable doubt." This charge, while omitting the word "reasonable" before the word "satisfaction," was not erroneous when taken in connection with the entire charge on this subject. If the movant desired further instructions on his defense of alibi he should have made

an appropriate and timely written request therefor. *Pyles* v. *State*, 12 *Ga. App.* 667 (78 S. E. 144).

5. The failure of the court to charge on the impeachment of witnesses, in the absence of a request so to do, was not error. *Millen &c. R. Co.* v. *Allen*, 130 *Ga.* 657 (5) (61 S. E. 541); *Wyatt* v. *State*, 18 *Ga. App.* 29 (2) (88 S. E. 718).

6. A ground of a motion for new trial complaining of the admission of testimony must show the grounds of objection urged by the movant at the time the evidence was offered. An objection to the admission of evidence upon the ground merely that it is inadmissible is equivalent to assigning no reason at all for its exclusion.

7. The evidence supports the verdict, and the trial judge did not err in refusing the defendant a new trial.

Judgment affirmed. *Broyles, P. J., and Bloodworth, J., concur.*
DECIDED OCTOBER 31, 1917.

Indictment for larceny from the person; from Bibb superior court—Judge Mathews. June 9, 1917.

McDonald and Jenkins were jointly indicted for larceny from the person of money and a pocket-book of one Andrews. Jenkins was tried and convicted, and the judgment of the court overruling his motion for new trial was reviewed and affirmed by the Court of Appeals. *Jenkins* v. *State,* 19 *Ga. App.* 626 (91 S. E. 944). McDonald, the defendant in the instant case, was afterward tried and convicted. His motion for new trial was overruled, and he excepted. The testimony for the State, briefly stated, shows that as Andrews, the prosecutor, was in the act of taking out his pocket-book and money for the purpose of purchasing a ticket at the terminal station in Macon, Ga., Jenkins and the defendant pressed up against him; that at the time he replaced the pocket-book and money in his pocket the defendant engaged him in conversation about changing a dollar bill; that he stepped away from the ticket-window, and, immediately missing his pocket-book and money, made an outcry; that Jenkins was seen by another witness for the State to take a pocket-book from the pocket of the prosecutor, motion to the defendant, go out of the door with him, and, when they got out of the sitting-room, reach in his pocket and give the defendant the pocket-book, and then saw the defendant go off; that when Andrews cried out that he had lost his pocket-book this witness rushed after Jenkins, who ran and hid; that the next morning this witness saw the defendant in Atlanta, and, together with some officers, tried to catch him, but he ran, and they lost sight of him; that afterward, when the defend-

ant was seen by the officers, he broke and ran, but was finally caught and arrested. The defendant denied the charge against him, and claimed that he was in Atlanta at the time which the prosecutor testified was the time of the larceny, and he offered evidence to support his defense of alibi.

*H. F. Rawls, S. L. Wisenberg,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.