KATHERINE M. FEENEY, Appellant, *v.* JOHN VAN DOREN YOUNG, Respondent.

First Department, April 9, 1920.

**Civil rights — exhibition of plaintiff's picture at moving picture show without consent — testimony identifying plaintiff with picture shown — when film not best evidence.**

In an action brought under sections 50 and 51 of the Civil Rights Law to recover damages for the exhibition of the plaintiff's picture without her written consent at a moving picture show, which picture was taken while

the plaintiff was undergoing a " Caesarean Section " operation at child birth, it was error for the court to refuse to allow the plaintiff to show by witnesses who had attended the exhibition that the picture represented the plaintiff, and to identify it as her picture, upon the theory that such testimony was not the best evidence. Such testimony was admissible although the film itself, in which the picture was only an inch and a half square, was put in evidence, for on account of its size it did not represent the picture as shown and the film could not be used to reproduce the picture either at trial or in the appellate court.

APPEAL by the plaintiff, Katherine M. Feeney, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of May, 1919, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*John Ambrose Goodwin* of counsel [*Spoor & Russell*, attorneys], for the appellant.

*J. Joseph Lilly* of counsel [*Almuth C. Vandiver* with him on the brief; *O'Gorman, Battle & Vandiver*, attorneys], for the respondent.

SMITH, J.:

This action is brought under the Civil Rights Law (§§ 50, 51, as amd. by Laws of 1911, chap. 226) for damages for the exhibition of plaintiff's picture without her written consent. The plaintiff, in giving birth to a child, was compelled to undergo a " Caesarean Section " operation. The defendant was her physician. She consented orally with the defendant that a moving picture might be taken of the operation to be exhibited for medical societies and in the interest of medical science. The picture was taken by one Warman, who was the operator. Thereafter the defendant and Warman exhibited the picture publicly in two of the leading moving picture houses in New York as part of a picture which was named " Birth." The exhibition was made clearly for the purposes of trade. Thereupon this action was brought to recover damages under the Civil Rights Law.

Upon the trial the plaintiff sought to prove her cause of action by presenting witnesses who had seen the picture as thrown upon the screen and sought to show by their testimony that such a picture, as it appeared upon the screen, repre-

sented the plaintiff and could be identified as her picture. This the court rejected as not being the best evidence. The court held that the film used to throw the picture upon the screen was the best evidence of what was there exhibited. That film was produced in court, but the picture naturally could not be there thrown upon a screen. The film itself, representing a single exposure, is only about an inch and a half square and when thrown upon a screen it magnifies from ten to twelve times its dimensions in the film itself. Little could be ascertained from this film as produced and the plaintiff sought to show both by her own evidence and that of her husband, and still another witness, that the picture as presented upon the screen was capable of identification as her picture. The ruling rejecting this evidence is the principal and only question presented upon this appeal. As an *a priori* question the evidence would seem to be admissible. The picture, as presented on the screen, constitutes the offense under the statute. If that were a permanent photograph, the photograph itself might probably be the better evidence, but it is not. It is a flash picture presented only for a moment. There is, therefore, no permanent print of that presentation upon that screen which can be deemed the best evidence, and, in the absence of such permanent print, the evidence of eye witnesses who have seen the representation must be competent evidence of the presentation itself. The film itself, on account of its size, could not represent the picture there shown and the film cannot be used to reproduce the picture, either in the trial court or in the appellate court. It would seem, therefore, that the evidence of eye witnesses, who had seen this representation presented only for a moment, would be competent evidence of the fact of publication. The appellant's counsel has apparently with diligence found authorities to sustain this reasoning.

In Frolich and Schwartz Law of Motion Pictures, page 598, it was held: " The proper method of proving the exhibition of a motion picture is not by the production of the film but by a witness who has seen it reproduced." This is based upon the case of *Glyn* v. *Western Feature Film Company, Ltd.* (114 L. T. Rep. 354). There are authorities holding that the rule as to the best evidence applies only to written documents

and there are even authorities which hold that a photograph itself is not necessarily the best evidence of a representation. It is not necessary here to go to that extent, because there is no printed photograph as the result of this representation which could be used as better evidence than the evidence of eye witnesses who saw it. That a chattel or an article need not be produced as the best evidence, but may be proven by description, is held in *Queen* v. *Francis* (L. R. 2 C. C. R. 128); *Lucas* v. *Williams* (66 L. T. Supp. 206); *King* v. *Hunt* (3 B. & Ald. 566); *Commonwealth* v. *Morrell* (99 Mass. 542); *Commonwealth* v. *Welch* (142 id. 473); 2 Elliott Ev. § 1230. Both, therefore, upon reason and upon authority, the plaintiff should have been allowed to show the publication of this picture by eye witnesses who saw such publication, and for error in excluding such evidence this judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.