### 17384.  MARTIN *v.* THE STATE.

BLOODWORTH, J.  1. The refusal of the trial judge to continue the case, when considered in connection with his qualifying note in regard thereto, was no abuse of discretion.

2. For no reason assigned did the court err in allowing to go to the jury the evidence to the admission of which complaint is made in the amendment to the motion for a new trial.

---

Criminal Law, 16 C. J. p. 607, n. 63 New; p. 875, n. 19; 17 C. J. p. 271, n. 41.

(a) An objection to evidence that it is "immaterial, inadmissible, and prejudicial" is too general to present anything for consideration by this court. See, in this connection, *Gordon* v. *Gilmore*, 141 *Ga.* 347 (2 *a*) (80 S. E. 1007); *Richardson* v. *State*, 141 *Ga.* 782 (2) (82 S. E. 134); *Cowart* v. *State*, 30 *Ga. App.* 289 (117 S. E. 663); *McDonald* v. *State*, 21 *Ga. App.* 125 (6) (94 S. E. 262).

(b) In a prosecution for possessing intoxicating liquor it is not error to admit evidence that on other occasions, both before and after the date of the offense charged in the accusation, such liquor was found in the possession of the accused. See *Jones* v. *State*, 32 *Ga. App.* 7 (122 S. E. 738), and cit. This is true even though the evidence shows that liquor was found in the possession of the defendant on the day of the trial.

3. This court will not say that there was no evidence to authorize the jury to reach the conclusion that the defendant was guilty. Their verdict has the approval of the trial judge; and as no error of law is shown to have been committed on the trial, this court can not interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 13, 1926.

Possessing intoxicating liquor; from city court of Blackshear —Judge Mitchell. April 9, 1926.

*Andrew J. Tuten,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contra.