### 17963.  HAYES *v.* THE STATE.

BLOODWORTH, J.  1. (*a*) "In misdemeanor cases it is the constant practice to submit to the jury evidence of several misdemeanors of the same character, perpetrated by the same person." *Bryant* v. *State*, 97 *Ga.* 103 (25 S. E. 450).

(*b*) "In a prosecution for possessing intoxicating liquor it is not error to admit evidence that on other occasions, both before and after the date of the offense charged in the accusation, such liquor was found in the possession of the accused. See *Jones* v. *State*, 32 *Ga. App.* 7 (122 S. E. 738), and cit. This is true even though the evidence shows that liquor was found in the possession of the defendant *on the day of the trial.*" (Italics ours.)  *Martin* v. *State*, 35 *Ga. App.* 575 (2 *b*) (134 S. E. 185). See also *Cook* v. *State*, 33 *Ga. App.* 571 (127 S. E. 156).

(*c*) "On the trial of one charged with illegally selling whisky it is not error to admit evidence to show that the house of the accused was searched by officers subsequently to the day on which the alleged sale was made, and that bottles of whisky were found therein." *Cole* v. *State*, 120 *Ga.* 485 (48 S. E. 156).

(*d*) "Where knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind, are involved as a material element in a particular criminal offense for which a defendant is on trial, and the defendant has engaged in a course of conduct or

---

Criminal Law, 16 C. J. p. 589, n. 13, 14, 18; p. 590, n. 19, 25; p. 591, n. 33; p. 605, n. 27; p. 860, n. 21; p. 861, n. 25; p. 875, n. 19; p. 877, n. 28; p. 1056, n. 20; p. 1057, n. 26; p. 1058, n. 32; p. 1059, n. 42; p. 1149, n. 91, 92; p. 1180, n. 74; 17 C. J. p. 58, n. 17; p. 177, n. 88.

Intoxicating Liquors, 33 C. J. p. 760, n. 28, 29, 31; p. 761, n. 53; p. 764, n. 91 New.

done other acts at or about the same time the act in question was committed, and these other transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received." *Lee* v. *State*, 8 *Ga. App.* 413 (3) (69 S. E. 310).

(e) "An objection to evidence that it is 'immaterial, inadmissible, and prejudicial' is too general to present anything for consideration by this court. See, in this connection, *Gordon* v. *Gilmore*, 141 *Ga.* 347 (2 a) (80 S. E. 1007); *Richardson* v. *State*, 141 *Ga.* 782 (2) (82 S. E. 134); *Cowart* v. *State*, 30 *Ga. App.* 289 (117 S. E. 663); *McDonald* v. *State*, 21 *Ga. App.* 125 (6) (94 S. E. 262)." *Martin* v. *State*, supra.

(f) "There was no evidence that required an instruction on the law of alibi, in the absence of a request." *Gibson* v. *State*, 20 *Ga. App.* 73 (4) (93 S. E. 48). See also *Shaw* v. *State*, 10 *Ga. App.* 776 (2) (74 S. E. 89); *Moore* v. *State*, 17 *Ga. App.* 344 (2) (86 S. E. 822).

(g) "Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *McCall* v. *State*, 23 *Ga. App.* 770 (99 S. E. 471).

(h) When all the evidence and the entire charge of the court are considered in the light of the foregoing well-established principles, there is nothing in special grounds 1 to 6 (inclusive) of the motion for a new trial, which requires a reversal of the judgment.

2. Ground 7 of the motion for a new trial alleges that the court erred in "failing to give the definition of circumstantial evidence," and ground 8 complains that "the court failed to charge the jury in said case the definition of reasonable doubt." The court did charge on circumstantial evidence and on reasonable doubt, and if fuller instructions were desired, a proper and legal written request therefor should have been made. *Jackson* v. *State*, 132 *Ga.* 570 (3) (64 S. E. 656).

3. There is evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 12, 1927.

Possessing liquor; from Ben Hill superior court—Judge Crum. January 12, 1927.

*C. W. Bussell, D. E. Griffin*, for plaintiff in error.

*T. Hoyt Davis, solicitor-general*, contra.