18728.   HERNDON *v.* THE STATE.

DECIDED APRIL 10, 1928.

119

*D. E. Griffin, A. J. McDonald,* for plaintiff in error.
*T. Hoyt Davis, solicitor-general,* contra.

BLOODWORTH, J. ■ The indictment contained two counts. To each count there were demurrers. The jury found the accused guilty of "involuntary manslaughter in the commission of an unlawful act." Because of this verdict it is unnecessary to pass upon the demurrer to the first count.

■ For no reason alleged did the court err in overruling the demurrers to the second count.

■ Grounds 1, 4, 9, 10, and 13 of the amendment to the motion for a new trial not having been unqualifiedly approved by the trial judge, this court is not called upon to pass upon them.

■ In special grounds 2, 5, 11, and 12 of the motion for a new trial counsel· for the plaintiff in error objected to the admission of certain evidence as irrelevant and immaterial. Such objections are too general to present anything for determination by this court. *Martin* v. *State,* 35 *Ga. App.* 575 (2a) (134 S. E. 185), and cit.; *Hayes* v. *State,* 36 *Ga. App.* 668 (1e) (137 S. E. 860). For no other reason urged in ground 2, when it is considered in the light of the statement of the judge when he admitted this evidence, should a new trial be granted.

■ Should we concede (and we do not) that the court erred in admitting that portion of the evidence of witness Roberts which is copied in ground 3 of the motion, this will not require the grant of a new trial, for practically the same evidence went to the jury, without objection, from witnesses Petty and Malone. *Louisville & Nashville R. Co.* v. *Lovelace,* 26 *Ga. App.* 287 (3) (106 S. E. 6), and cit.

■ Special ground 6 is incomplete. It does not appear how the evidence set out therein was material or how its admission could have been harmful to the defendant. *Hunter* v. *State,* 148 *Ga.*

120

566 (2) (97 S. E. 523); *Wilson* v. *McConnell,* 36 *Ga. App.* 767 (1*a*) (138 S. E. 244).

■ Special grounds 7 and 8 complain of the exclusion of certain evidence. If this was error, it was cured by admitting practically the same evidence later.

■ The excerpts from the charge, of which complaint is made in grounds 14, 15, 18, and 19 are not erroneous when they are considered in the light of the remainder of the charge.

■ Grounds 16 and 17 complain of the failure of the court to give to the jury certain instructions touching confessions. The judge having charged on confessions, if fuller instructions in reference thereto were desired a proper and timely written request therefor should have been made.

■ There being no evidence that the death of the deceased was caused by blood-poisoning, the judge did not err in failing to instruct the jury on such a theory.

■ Complaint is made in ground 21 that the judge did not give to the jury instructions appropriate to the theory that the wounds in question were self-inflected. If such instructions were desired, a timely and legal written request therefor should have been made. In the absence of such a request it is not incumbent on the trial judge to call the attention of the jury to such a theory and to instruct them that they should consider such evidence in determining whether that theory is sustained or not. *Williams* v. *State,* 120 *Ga.* 870 (48 S. E. 368); *Southern Railway Co.* v. *Hill,* 139 *Ga.* 550 (5) (77 S. E. 803); *Edge* v. *Calhoun National Bank,* 155 *Ga.* 826 (2), 827 (118 S. E. 359), and cit.; *Weldon* v. *State,* 21 *Ga. App.* 330 (1 *a*) (94 S. E. 326), and cit.

■ The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*