19839. McKIBBEN *v.* THE STATE.

DECIDED AUGUST 23, 1929.

*Taylor Smith,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general,* contra.

LUKE, J. The defendant was convicted in the superior court of Haralson county of possessing intoxicating liquor, and he assigns error upon the overruling of his motion for a new trial.

■ The court did not err in allowing a witness for the State to testify that he saw the defendant that morning in Polk county, just over the line, bottling some whisky. While the defendant could not have been convicted in Haralson county for possessing whisky in Polk county, yet since the bottling of the whisky was on the same day and just across the line from the county and place in which he was charged with possessing it, the evidence was admissible to illustrate the defendant's bent of mind and show intent and motive; and the court properly charged the jury as follows: "There could be no conviction of the defendant for any act of possessing liquor in Polk county, and it is let in simply to throw light upon whether or not he did possess any liquor in Haralson county, and you will use it only for that purpose; and if it were shown that he possessed liquor in Polk county, and you should not find that he possessed it in Haralson county, then there could be no conviction." *Johnson v. State,* 37 *Ga. App.* 332 (2) (140 S. E. 422) ; *Terry v. State,* 36 *Ga. App.* 305 (136 S. E. 476).

■ The second and third special grounds of the motion allege error because the court permitted two witnesses for the State to testify that one Dewey Martin said that he got the whisky from the

defendant. This admission of this evidence furnishes no cause for a new trial, because there was direct, positive evidence by the officer that he actually saw the defendant deliver the whisky to Martin (*Herndon* v. *State,* 38 *Ga. App.* 117 (5), 142 S. E. 695), and because it tended to impeach Martin by showing a contradictory statement, Martin having sworn that he did not get the whisky from the defendant, and because the evidence of the defendant's guilt was so abundant that even if the admission of this evidence had been error, such error, under the particular facts of this case, would not authorize another trial.

■ The evidence authorized the court to charge that the credibility of witnesses may be attacked by proof of contradictory statements previously made, and the charge given was not error for any reason assigned.

■ The testimony for the State was not solely circumstantial, and the court did not err in failing to charge the law relative to circumstantial evidence.

■ The excerpts from the charge, complained of in the sixth and seventh special grounds of the motion, when considered in connection with the remainder of the charge, show no error.

The evidence shows that the defendant's home was in Polk county near the line between Polk and Haralson counties and that he had a storehouse in Haralson county, and was seen in possession of whisky at his storehouse in Haralson county as he delivered the whisky to another person. A witness for the State swore: "The last I seen him [the defendant] deliver was to Dewey Martin. He got his whisky and came down the road by where I was, and I arrested him and taken the whisky off of him. I saw him [the defendant] deliver the package to Martin, two pint-bottles. I got off of him the same stuff that he delivered to him. I am sure that it was the *same stuff* that he delivered to him, yes, sir, same colored bottles and everything, and the bottles contained *whisky.* The delivering the liquor to Dewey Martin happened right back of the little storehouse in this county, this year, October 21, 1928. Mr. Brooks was with me. That is not all I know about it. After the sheriff came (and he got there pretty soon after we got the whisky) we done a lot of looking around there around Mr. McKibben's house, and found several vessels that had whisky in them, and I think about ten one-gallon cans in different

places. We found a lot of empty bottles. *Some had whisky in them* and some had not. There was a pile of bottles just behind the storehouse that I seen some people delivering to him that morning, and just across the road, my recollection is, Mr. Brooks picked up some twelve or fifteen bottles. . . As to what was in the bottle when McKibben handed it to him (Martin), I know this. I was very particular about watching him until he got to where I was. I didn't take my eyes off of him. He just put the bottles in his pocket and came on down to where I was with his hands in his pockets. I found two bottles of whisky on Martin. I am positive they were the same bottles that Mr. McKibben handed him. . . I was in plain view of him all the time he was walking out there after the liquor was delivered to him. I kept my eyes on him all the time. There was no other bottle in his pocket except these two. . . That was at McKibben's store place in this county." (Italics ours.) This with other evidence shows that McKibben was in possession of the liquor and delivered it to one Martin.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*