24904. WISE, *alias* WOODS, *v.* THE STATE.

DECIDED NOVEMBER 13, 1935.

*Giles & Scheck,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

MacIntyre, J. The indictment charged that W. W. Wise, alias W. W. Wood, J. P. Spain and Guy Raines committed the crime of burglary by breaking and entering the warehouse of King, Dobbs & Company and stealing therefrom "one 1 1/2 ton Reo truck, 50

cases . . Camel cigarettes, 25 cases . . of Chesterfields, 11 cases . . of Luckie Strike cigarettes, all of the value of . . $6,918 . . , and the property of King, Dobbs & Company." Spain and Raines pleaded guilty to the crime charged. Wise pleaded not guilty and was convicted. The questions for determination are presented by Wise's exceptions to the overruling of the motion for new trial.

Both Spain and Raines testified that they and Wise participated in the burglary. It is true that the uncorroborated testimony of an accomplice will not alone sustain a conviction for a felony, Code of 1933, § 38-121, but it is equally true that "one may be legally convicted of a felony other than treason or perjury where the only evidence directly connecting him with the offense charged is the testimony of an accomplice, and where the only corroboration is the testimony of other accomplices." Pope v. State, 171 Ga. 655 (156 S. E. 599); Wilson v. State, 51 Ga. App. 570 (181 S. E. 134). In the instant case the testimony of each accomplice corroborates that of the other, and such testimony so corroborated is sufficient to sustain the conviction of Wise. The court did not err in overruling the general grounds of the motion for new trial.

It is averred in special ground one that the court erred in overruling counsel's motion to rule out the following testimony of C. Y. Blessing: "On two or three of the cases our entire name had not been defaced;" the objection being, "The cases themselves would be the highest and best evidence." The ground is not complete, since it does not disclose what sort of "cases" the witness was testifying about, or whether they were accessible or were of such character that they could be conveniently brought into court. We are of the opinion however that the testimony was admissible. "The law generally requires the production of the highest evidence of which a thing is capable; and evidence is to be excluded which supposes still higher evidence behind in the possession or power of the party. . . The general rule is most frequently applied to writings, where proof is offered of their contents. The writing itself must be produced. But there are many exceptions as to writings. An inscription on a banner or flag carried about by the leaders of a riot may be proved orally. The King v. Hunt, 3 B. & Ald. 566. Or a direction contained on a parcel. Burrell v.

North, 2 Car. & Kirw. 679. Or a notice to an indorser of a promissory note. Eagle Bank *v.* Chapin, 3 Pick. 180. In the presest case, the tag referred to was not a document, but an object to be identified. The words written upon it served to identify it; and the court are of the opinion that oral evidence was admissible for this purpose, and that it was not necessary to produce the tag. An inspection of the tag with the written direction upon it might have been more satisfactory to the jury than an oral description of it, and therefore might be regarded as the stronger evidence; but the strength of evidence and the admissibility of evidence are different matters." Commonwealth *v.* Morrell, 99 Mass. 542, 544. It is apparent from the decision that the court was of the opinion the evidence was admissible, notwithstanding the fact there was no proof that the tag had been lost. In U. S. *v.* Owens, 14 Blatchf. 381, 385, where the defendants were charged with conspiring to defraud the United States, this language appears: "The next question presented . . is, whether it was error to permit a witness to describe the marks on the heads of certain barrels, without proof of the destruction or loss of the heads. I am unable to find error in this ruling. The point of inquiry was, whether certain barrels said by Scott to have been received at his place, were the same articles described on the manifest of the steamer The Queen, by certain shipping marks. The witness was allowed to describe the marks upon the barrels he received, *for the sole purpose of identifying the articles. To such question, the rule in regard to parol evidence of the contents of a document, has no application. Evidence of the character under consideration is properly admitted, when the object is to identify the article. Nor is the admissibility of such evidence confined to cases where the character of the article sought to be identified forbids its production in Court.* [Italics ours.] In Commonwealth *v.* Morrell, 99 Mass. 542, such evidence was admitted to identify a tag." The court did not err in overruling this ground.

Special ground two is very similar. It is averred that the court erred in admitting the following testimony of C. Y. Blessing: "The full lettering on the cases of cigarettes that we received at our warehouse was King-Dobbs and Company, 320 Hunter Street, Southeast, Atlanta, Georgia. The letters that I referred to on the cases recovered were in relatively the position where the letters

would be in that full name and address;" the objection being, "I object to that and respectfully submit that the witness has testified that the cases were in Mr. Smith's, the solicitor's office, out there, and have not been produced in court, and I renew my objection that the boxes would be the highest and best evidence." For reasons stated, and on authorities cited in the preceding ground, special ground two is not meritorious.

It appears from special ground three that certain testimony of H. W. Armstrong was admitted over the objection that "it would throw no light on the guilt of this defendant," and was irrelevant and immaterial. The ground is defective, for the reason that it does not show how the testimony was immaterial or how it was harmful to the defendant. *Hunter* v. *State*, 148 *Ga.* 566 (2) (97 S. E. 523); *Martin* v. *State*, 35 *Ga. App.* 575 (2 *a*) (134 S. E. 185); *Wilson* v. *McConnell*, 36 *Ga. App.* 767 (138 S. E. 244); *Herndon* v. *State*, 38 *Ga. App.* 117 (6) (142 S. E. 695).

Ground four in full is: "Because the court erred in permitting H. W. Armstrong, a witness for the State, to remain in court during the progress of the trial." It not appearing from the ground that any objection was ever made to the witness's remaining in court during the progress of the trial, or that he ever testified in the case, or that he did not remain in court for some legitimate purpose, such as to assist in the prosecution (*Shaw* v. *State*, 102 *Ga.* 660 (5), 29 S. E. 477; *Benton* v. *State*, 9 *Ga. App.* 291 (6), 71 S. E. 8), or that any injury resulted to movant because the witness remained in court, this ground is obviously not meritorious.

Special ground five is similar to the preceding. It avers that the court erred in allowing Armstrong to give stated testimony, for the reason that he had "been permitted to remain in court during the progress of the trial, and had heard the evidence adduced." It does not appear from the ground that the evidence was objected to, or that any objection was made to the witness's remaining in court, or that the court abused its discretion in permitting the witness to remain in court during the progress of the trial. The ground is not meritorious.

It is averred in special ground six that "movant moved to rule out the following testimony of Frank Rickerman: 'I am more certain now than I was yesterday that Mr. Wood is the gentleman

who came down to my house with Johnny Spain and Guy Raines.'" The ground recites that movant "then and there did urge the following ground of objection to the said evidence: 'I submit that it is leading. He did not state that in his statement yesterday. You can read the record. He says that it was another fellow about Johnny Spain's age. He is putting the words in the witness' mouth. We object to it as leading and highly prejudicial.'" The ground next recites that the judge overruled the objections and allowed the evidence to remain. In so far as counsel undertake to assign error because the question asked was leading, the ground is incomplete for the reason that it does not disclose the question asked. If it be deemed that the objection was to the evidence itself, we are still at a disadvantage in considering the assignment for the reason that the witness's previous testimony is not set out in the ground. However, on reading the record, as suggested in the ground, we find that Rickerman had previously testified in part as follows: "There was another fellow with Johnny at the time. . . He was about the age of Johnny. I about half know this defendant. I have seen him at my home. I ain't sure whether this is him or not. He looks like him." Just why it was harmful, prejudicial or improper for the witness to testify that he was more certain than he was yesterday that the defendant came to his house with Spain and Raines is not clear to us. We hold that the court properly admitted the evidence and that the ground is not meritorious.

The court did not commit reversible error in overruling the motion for new trial as amended for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*