36632. FOWLER *v.* THE STATE.

DECIDED APRIL 2, 1957.

*Cohen Anderson,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

GARDNER, P. J. ■ In view of all the evidence in the case, a directed verdict was not indicated. The evidence was sufficient to sustain the verdict of the jury as to the general grounds. The assignment of error on the general grounds is without merit.

■ Special ground 1 assigns error because it is alleged that material evidence was illegally admitted by the court, over objec-

tions, that is, the entire testimony of Miss Ruth Lanier in which she described the movements of a car parked in the vicinity of the burglarized store for fifteen or twenty minutes, and in front of her house for some time, testifying that she saw two men in the car, but she did not identify either of the men as the defendant. The following colloquy ensued: "Mr. Anderson: May it please the Court, at this time I move that all the evidence of Miss Ruth be ruled out as not having connected this defendant in any way [with] being in the automobile. The Court: Will there be any attempt further to connect it, Mr. Solicitor? Mr. Lanier: Perhaps it might be better for the jury to retire for me to make reply to that question. (Jury was retired). Mr. Lanier: If the Court pleases, we would be unable to establish the fact that whoever burglarized that store were the persons in that particular car. But if the folks that were in that car were the ones that committed the burglary, then there were two in the party and not just one. In this case they claim that this defendant was not present and I don't know whether he will contend or whether he will testify that there were others with him or somebody else or nobody else. I think the jury is entitled to know this circumstance to show that there were at least two parties there in a suspicious manner during the late hours of night that night. The Court: I overrule the objection and let it go in. Mr. Anderson: I would like my objection to be noted there, Your Honor, on the basis that they are unable to show that the occupants of that car are the ones that actually burglarized the place of business. The Court: Unless they connect it with the defendant. Mr. Anderson: That's right." (Jury was returned into court).

Sergeant E. B. Deyo of the G. B. I. testified that the defendant admitted taking the radio from the burglarized store; that the defendant said he did the job by himself, but when witness advised the defendant that two men were seen at or near the scene of the burglary the defendant admitted that there were two men; that the defendant admitted the presence of the other person while the witness and the defendant and a brother of the defendant were together; that the defendant did not name the other person present, but admitted that there was another person, and described the other person *after* the G. B. I. officer told the de-

fendant that two men were seen near the scene of the crime. It is our opinion that this evidence connected the evidence up with the crime sufficiently so that it was not reversible error to admit the evidence. This ground is without merit.

■ Special ground 2 assigns error because it is alleged that the court admitted testimony as to tools similar to those used in burglaries, which tools were found in and around the living quarters of the defendant. Counsel objected to the admission of the testimony, alleging that the defendant was in construction work and that such tools would likely be used in such work. A G. B. I. officer testified that the tools found were similar to tools likely to be used in burglarizing a safe and that the safe had hammer marks on it. (A hammer was one of the tools in question). He testified also that other of the tools could have been used in a burglary. It is our opinion that this testimony was sufficiently connected up so that the ruling of the court was not erroneous. This special ground shows no cause for reversal.

The court committed no reversible error in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*