## 39186. SMITH v. THE STATE.

SMITH, Justice.

Rosa Lynn Smith appeals her conviction of murder and sentence of life imprisonment for the shooting death of Wayne Dennis. Smith brings as error the denial of her motion for mistrial and the general grounds. We affirm.

Smith's basic contention is that on the morning of January 12, 1982, she shot Dennis in self-defense when attacked by Dennis and an unidentified man.

The state submits its own facts and contends that Smith was robbed of marijuana and money on the evening before the shooting; that Dennis had been in her apartment that night to buy marijuana

prior to the robbery; and that the next day Smith called Dennis to her apartment to confront him with her suspicions of his involvement. When Dennis denied participating and was unable to provide Smith with any information regarding her attackers, she became enraged and shot him.

Dennis' grandmother, who lived with his family, testified that a woman who referred to herself as "Lynn" telephoned repeatedly for Dennis the morning of his death. Upon returning from an errand, Dennis called Lynn's number and after speaking with someone there immediately left the house, explaining to his grandmother that he would return shortly. Instead, a neighbor came to the door about ten minutes later with the news that Dennis had been shot. Dennis was unarmed when he left his grandmother.

Kirby Warren Collier (a/k/a Kirby Warren Oliver) testified that he knew Dennis and that on the night before the shooting, he had been knocked down by two men rushing into Smith's apartment after he bought marijuana there. They wore masks and one carried a gun. The two were dressed, except for the masks, exactly like two acquaintances of Collier whom he had seen minutes before near the apartment. He stated that neither of the men was Wayne Dennis. The masked men ordered Collier out, and as he ran away he heard Smith screaming. He did not report the incident to police at that time.

Robert Ridgeway testified that he visited Smith on the evening before the shooting, and that she was upset and crying because she had been robbed and her television had been stolen. She refused to report the crime to police, but Ridgeway accompanied her into the hallway to see if Kirby Collier was there or perhaps upstairs with Johnny Harper.

Harper was staying in the apartment above Smith's on January 11 and 12. He testified that on the evening of the eleventh, Smith came to his door looking for Collier, who was not there. The state contends that Smith sought Collier for the same reason that she summoned Dennis: to accuse him of involvement in the robbery. In the late morning of January 12, Harper heard a man's voice from the Smith apartment say, "Wait a minute, it wasn't like that," and perhaps also, "Let me explain." Two shots followed soon after, then he heard Smith crying for help and went down to her. Harper and Dennis were acquainted and Harper recognized Dennis as the wounded man on the floor. Smith was incoherent, according to Harper, and screamed at him to call an ambulance or the police, that she had been robbed. Harper did not see or hear anyone else in Smith's apartment, nor did he see or hear anyone run from it.

The first police officer arrived on the scene at about 11 a.m.

Smith met him at the door and stated that she had shot someone and handed him a gun. Dennis lay still alive on the floor of her apartment. Smith told this officer that she let in two men to use her telephone and they attacked and attempted to rape her. She also said her television was missing. The second officer to arrive testified that Smith was hysterical and barely coherent. When a third officer arrived and was informed that Smith had shot Dennis, he thereupon read Smith her Miranda rights and sought to determine if she had been raped. He testified that Smith told him that she had not been raped. The second officer then tried to calm her before taking Smith to the police station for further questioning.

At the station she told police that she opened her door to two men who wanted to use her telephone, one of whom she recognized from similar requests in the past. Once inside they attacked her and demanded money, wrestling her onto her bed where one man raped her.[1] During the struggle Smith was able to grab her gun and order the men to lie on the floor, but Dennis lunged at her and she shot him. The other man, who she said was armed with a pistol, escaped with her television.

1. In her first three enumerations of error Smith contends that a mistrial should have been granted because of statements by the state's attorney in her opening argument to the jury. The attorney is alleged to have improperly put Smith's reputation into evidence by stating that Smith had been dealing in marijuana. Evidence that Smith had been dealing in marijuana was properly admitted at the trial. We find no error.

2. Smith next contends that the evidence is insufficient to support her conviction. We disagree. The evidence, reviewed in the light most favorable to the state, was sufficient to enable a rational trier of fact to find Smith guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Smith's remaining enumeration of error is based on the facts in footnote 1. We have examined this enumeration and find it to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 1983 —
REHEARING DENIED FEBRUARY 15, 1983.

---

[1] After her arrest, Smith was referred to the Rape Crisis Center at Grady Hospital for examination and counseling. All parties stipulated that non-motile sperm were found in her vagina. There was no direct or expert evidence linking Dennis with the results of this examination.

■■

■■■■■■■■

*Murray M. Silver,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Michael J. Bowers, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.