## 74391. GILDEA v. THE STATE.
### (360 SE2d 657)

CARLEY, Judge.

Appellant and his co-defendant were jointly indicted for the offense of burglary. The co-defendant entered a plea of guilty, but appellant entered a plea of not guilty. Appellant was tried before a jury and a verdict of guilty was returned. Appellant appeals from the judgment of conviction and sentence entered on the jury verdict.

1. Appellant enumerates as error the admission, over his "best

evidence" objection, of a latent fingerprint lift card prepared at the scene of the break-in. The contention is that the object from which the print was lifted should have been presented at trial.

"The 'best evidence rule' . . . applies only to writings ([cit.]), and only where the contents of the writings are in issue. [Cit.]" *Pryor v. State*, 238 Ga. 698, 707 (9) (234 SE2d 918) (1977). Fingerprint evidence obviously involves no writing. The State laid a proper foundation for the admission of the lift card through the testimony of the agent who had prepared it at the scene. This enumeration is without merit.

2. Appellant enumerates as error the denial of his motion for directed verdict. He contends that his conviction rests only upon circumstantial evidence, which evidence does not exclude every other reasonable hypothesis except that of his guilt. See OCGA § 24-4-6.

As discussed in Division 1 of this opinion, the latent fingerprint lift card was properly admitted into evidence. Accordingly, the State did produce evidence showing that appellant had been present in a part of the subject premises which was not open to the public. See *Anthony v. State*, 85 Ga. App. 119 (68 SE2d 150) (1951). This, coupled with the other evidence produced by the State, authorized appellant's conviction. A review of the entire record reveals that any rational trior of fact could reasonably have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

3. The trial court's denial of appellant's motion to suppress is enumerated as error. We note at the outset that there is some question whether the merits of this enumeration should be addressed. The only motion to suppress was filed by appellant pro se. At the time, appellant was represented by counsel. A defendant no longer has the right to simultaneous self-representation and representation by counsel. Constitution of Georgia 1983, Art. I, Sec. I, Par. XII; *Nelms v. Ga. Manor Condominium Assn.*, 253 Ga. 410 (321 SE2d 330) (1984); *Jones v. State*, 171 Ga. App. 184 (2) (319 SE2d 18) (1984). If election of the right to counsel is a waiver of the right to self-representation, it would seem to follow that that election also constitutes a waiver of the right to conduct of the defense. However, since the trial court in this case entertained appellant's pro se motion, we will address the merits of its ruling on that motion.

Among the items of evidence that appellant's motion sought to suppress was a fingerprint card made while appellant was at the sheriff's office, but prior to his arrest. Appellant urges that this fingerprinting was the product of an unlawful detention. The Supreme Court of the United States has held that if fingerprinting was conducted in a custodial setting and "there was no probable cause to ar-

rest, no consent to the journey to the police station, and no judicial authorization for such a detention for fingerprinting purposes," then the fingerprints must be excluded from evidence as the product of an unreasonable search and seizure. *Hayes v. Florida,* 470 U. S. 811, 814 (105 SC 1643, 84 LE2d 705) (1985). In the present case, unlike *Hayes,* there is sufficient evidence from which the trial court, sitting as the trior of fact, was authorized to find that appellant had voluntarily accompanied the police and had voluntarily consented to the fingerprinting. " 'Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent. [Cit.]' [Cit.]" *Hall v. State,* 239 Ga. 832 (1) (238 SE2d 912) (1977).

Appellant's motion also contested the seizure by police of a pair of tennis shoes and a screwdriver from a motel room that appellant was sharing with his co-defendant. The seizure of this evidence was not the consequence of an unlawful detention, but the lawful product of the consent of his co-defendant to a search of the motel room. Thus, the trial court did not err in denying the motion to suppress as to evidence seized from the motel room. See *Hall v. State,* supra at 832 (1).

Certain items were also seized during the course of an inventory of appellant's automobile which had been impounded after his arrest. The propriety of inventorying the contents of a vehicle impounded in conjunction with an arrest is well established. See generally *Arnold v. State,* 155 Ga. App. 581 (1) (271 SE2d 714) (1980). The impoundment having been made pursuant to appellant's lawful arrest and no other viable alternative to the impoundment having been shown on the record, the motion to suppress was correctly denied as to evidence seized from appellant's automobile.

4. Appellant enumerates as error the admission of certain evidence over his objection based upon its relevancy and its prejudicial impact on the jury.

Where the crime charged is burglary, evidence of a defendant's possession of tools and disguises associated with that crime is neither irrelevant nor prohibitively prejudicial. Possession of such items relates to motive and intent. See *Fowler v. State,* 95 Ga. App. 470 (97 SE2d 913) (1957). Accordingly, the trial court did not err in admitting evidence of appellant's possession of a pistol, lockpicks, wig, false mustaches and a goatee, and handcuffs.

Likewise, since it was a pharmacy that appellant was charged with burglarizing, the trial court did not err in admitting evidence of appellant's possession of drugs, pills, and needles. That evidence was relevant to the issues of appellant's motive and intent. See *Smith v. State,* 250 Ga. 526, 528 (1) (299 SE2d 547) (1983); *Jimerson v. State,* 163 Ga. App. 54 (1) (293 SE2d 313) (1982).

Access to the pharmacy had been gained by drilling the locks, a

drill with a bit had been found at the scene, and a receipt found in appellant's car indicated that a drill and three drill bits had been purchased. Accordingly, two drill bits which were found in the possession of the co-defendant were relevant to the issues of identity, motive and intent and were properly admitted into evidence. There was no error.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*John B. Adams*, for appellant.

*Harry D. Dixon, Jr.*, District Attorney, *George E. Barnhill*, Assistant District Attorney, for appellee.