S97A1429. RILEY v. THE STATE.
(491 SE2d 802)

CARLEY, Justice.

The grand jury indicted Anthony Riley, Shawn Taylor, Shawn Kilkenny and Julius Salter for the commission of malice murder "by shooting . . . Wayne G. Phillips with a handgun" and also with the commission of an aggravated assault by using their "fists and feet" to beat Phillips. At Riley's jury trial, Kilkenny and Salter testified for the State. The jury returned guilty verdicts against Riley, upon

which the trial court entered judgments of conviction and a life sentence for the murder and a 20-year sentence for the aggravated assault. The trial court denied Riley's subsequent motion for new trial and he appeals.[1]

1. Construing the evidence most strongly in support of the jury's guilty verdicts shows the following: Riley was the victim of a robbery in which he suspected Phillips' involvement. As revenge for this robbery, Riley, along with Taylor, Kilkenny and Salter, confronted Phillips outside of his home and beat him with their fists and feet. After this beating, Phillips was shot four times. Kilkenny and Salter identified Riley as the gunman and the testimony of each was corroborative of the testimony of the other. *Blalock v. State*, 250 Ga. 441, 443 (4) (298 SE2d 477) (1983). Moreover, Kilkenney's and Salter's testimony was corroborated by an eyewitness, Yolanda Betton, who identified Riley from photographic displays as one of the men she saw pursuing Phillips. There is no requirement that the corroboration of Kilkenny's and Salter's testimony be sufficient in itself to warrant a finding of Riley's guilt or that their testimony be corroborated in every detail. *Mulligan v. State*, 245 Ga. 266, 270 (3) (264 SE2d 204) (1980). Riley had a motive and, after the beating and killing, he fled the state. This evidence is sufficient to authorize a rational trier of fact to find proof of Riley's guilt of the malice murder and aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lowe v. State*, 267 Ga. 410, 411 (1) (b) (478 SE2d 762) (1996).

2. The issue of the ineffectiveness of trial counsel was raised in Riley's motion for new trial. Riley contends that this ground of his motion was meritorious and that the trial court erred in finding to the contrary.

(a) According to Riley, his trial counsel was ineffective because she was unprepared and recommended that he not take the stand in his own defense. There is a strong presumption that trial counsel's performance was not deficient. *Luallen v. State*, 266 Ga. 174, 176 (3) (a) (465 SE2d 672) (1996). In this case, the State did not rely only upon this strong presumption. At the hearing on the motion for new trial, Riley's trial counsel testified to her extensive and thorough preparation. She also explained that her decision to recommend that Riley invoke his constitutional right to remain silent was based on

---

[1] The crimes were committed on May 23, 1994. The grand jury indicted Riley for those crimes in the September 1994 Term of the Superior Court of DeKalb County. The jury returned its guilty verdicts on March 8, 1996 and, on that same day, the trial court entered the judgments of conviction and sentences. Riley filed a motion for new trial on April 8, 1996 and the trial court denied that motion on April 15, 1997. Riley filed his notice of appeal on May 8, 1997 and the case was docketed in this Court on May 29, 1997. The appeal was submitted for decision on July 21, 1997.

her assessment that he would make a poor witness and that he might corroborate the inculpatory testimony of Kilkenny and Salter. Such tactical decisions are within the province of trial counsel. *Chambers v. State*, 266 Ga. 39, 41 (3) (463 SE2d 887) (1995).

(b) Riley asserts that trial counsel's ineffectiveness is demonstrated by her failure to object to certain hearsay testimony. A review of the record shows that most, if not all, of the challenged testimony was admissible as substantive evidence, since the declarants themselves were called as witnesses and gave testimony consistent with the out-of-court statements attributed to them. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).

(c) Riley contends that trial counsel was ineffective because she failed to object to speculative testimony of Phillips' mother. The record shows that Phillips' mother testified that, when she observed her son being beaten outside of their home, one of the perpetrators had his back to her. Thereafter, Ms. Phillips further testified that, although she could not positively identify Riley as one of the perpetrators, she could not positively exclude Riley as the perpetrator whom she saw only from behind. This testimony was not inadmissible speculation that Riley was a perpetrator, but was, instead, an admissible assessment by Ms. Phillips of the extent to which she could identify or eliminate Riley as a perpetrator. See *Wise v. State*, 52 Ga. App. 98, 101-102 (182 SE 535) (1935). In the overall context of the case, the inability of Ms. Phillips to eliminate Riley as a perpetrator was as relevant as her inability to identify him as a perpetrator. See *Fowler v. State*, 95 Ga. App. 470 (2) (97 SE2d 913) (1957).

(d) Riley asserts that counsel was ineffective because of her failure to object when the prosecuting attorney asked Salter a leading question. The record shows that, after Salter testified about a female friend of Riley's whose name he did not recall, counsel for the State asked: "Does the name Junel Fudge ring a bell?" This was not a leading question. See *Ealey v. State*, 139 Ga. App. 110 (227 SE2d 902) (1976). The question asked for a "yes or no" response from Salter as to whether the female friend of Riley's whose name he could not recall was "Junel Fudge."

Based upon the foregoing, we conclude that the trial court was authorized to find that Riley failed to rebut the strong presumption that his trial counsel afforded him effective representation. Moreover, even assuming that Riley did show any ineffectiveness on the part of his trial counsel, he nevertheless failed to make the requisite additional showing that, but for the ineffectiveness, the jury would not have found him guilty of the malice murder and aggravated assault. *Lakes v. State*, 266 Ga. 389 (2) (467 SE2d 566) (1996).

3. The trial court admitted into evidence the photographic displays from which Ms. Betton identified Riley, over the objection that

they were impermissibly suggestive. Riley enumerates this evidentiary ruling as error.

Having reviewed the displays, the trial court determined that there was no impermissible suggestiveness because each consisted of numerous photographs of young men with similar features, including unique hairstyles. If this finding is supported by the record, then it must be upheld on appeal. *Arnold v. State*, 155 Ga. App. 569, 570 (1) (271 SE2d 702) (1980). The photographic displays have been included in the record and, based upon our review of those displays, we conclude that, for the reasons articulated, the trial court was authorized to find that there was no impermissible suggestiveness. *Whatley v. State*, 266 Ga. 568, 569 (2) (468 SE2d 751) (1996); *Dodd v. State*, 236 Ga. 572, 573 (224 SE2d 408) (1976).

4. Riley, as well as Kilkenny, Salter and other witnesses, had a nickname or "street name." Riley's was "Judah" and he filed a motion in limine to preclude reference to him by that name. The denial of this motion is enumerated as error. Reference to a defendant by his "street name" does not suggest bad character. *Gresham v. State*, 265 Ga. 730, 732 (3) (462 SE2d 370) (1995). Moreover, considering that the use of "street names" was prevalent among Riley's associates, it would have been confusing to require those who knew Riley as "Judah" to refer to him by his given, but unused and unfamiliar, name.

5. Riley enumerates as error the refusal to give a requested instruction regarding the jury's consideration of the photographic display evidence shown to Ms. Betton. The record shows that the trial court did give a full and complete general charge on identification and assessment of the reliability of a witness' identification of the defendant. There is no error in refusing to give a requested charge where " 'the applicable principles are fairly given to the jury in the general charge of the court. (Cit.)' [Cit.]" *Carter v. State*, 244 Ga. 803, 807 (4) (262 SE2d 109) (1979). The trial court's general charge on identification, coupled with the opportunity of counsel to argue the credibility to be given Ms. Betton's identification testimony in specific, was the appropriate manner in which to submit the issue to the jury. See generally *Chester v. State*, 267 Ga. 9, 12 (2) (471 SE2d 836) (1996), overruled on other grounds, *Smith v. State*, 268 Ga. 196 (486 SE2d 819) (1997). Therefore, it was not error to refuse to give Riley's requested charge.

6. After the trial commenced, a juror indicated to the trial court that he doubted his impartiality. In the presence of counsel, the trial court questioned this juror. Although the juror did express some concern over his ability to be impartial, he also stated without qualification that he would listen to the evidence and follow the trial court's instructions. The juror further stated that he had not expressed the

concern with regard to his impartiality to any other member of the· jury. Riley contends that the trial court erred in allowing this juror to remain, rather than replacing him with an alternate juror.

To disqualify the juror for cause would require that his opinion as to Riley's guilt be so fixed and definite that it would remain unchanged by the evidence and the trial court's instructions. *Chancey v. State*, 256 Ga. 415, 425 (3) (B) (a) (349 SE2d 717) (1986). Having determined that the juror did not harbor such an opinion, the trial court correctly allowed him to remain on the jury.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 14, 1997 —
RECONSIDERATION DENIED NOVEMBER 14, 1997.

*John H. Tarpley*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General*, for appellee.