## 60444. BENNETT v. THE STATE.

CARLEY, Judge.

Appellant was indicted on one count of selling marijuana in violation of the Georgia Controlled Substances Act, Code Ch. 79A-8. This appeal results from her conviction.

1. In her first enumeration of error appellant contends that the trial court erred in denying her motions for directed verdict of acquittal and new trial. Appellant argues that the state failed to introduce independent evidence corroborating the testimony of her alleged accomplice concerning appellant's participation in the marijuana sale, and that her conviction consequently must be reversed because "under Code Ann. § 38-121, evidence must be presented at trial which corroborates the accomplice's testimony both as to the history of the felony and as to the identification of the accused as a participant in the crime, and, as regards the latter corroboration, the evidence must originate from an independent source." *Mulligan v. State,* 245 Ga. 266, 269 (264 SE2d 204) (1980).

We find that the accomplice's testimony was sufficiently corroborated and that the evidence supported the verdict. Witnesses for the state testified that they observed the alleged accomplice walking over to appellant's car, leaning through the open window on the driver's side of the car, conversing with appellant and then walking away from the car with his shirt rolled up into a bundle which was later unrolled to reveal a quantity of marijuana. This testimony provided sufficient independent corroboration of appellant's participation in the sale of marijuana. "[T]he standard of review regarding corroboration is as follows: 'It is not required that the corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular (and) . . . slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict.' [Cit.]" *Mulligan v. State,* supra, 269-270. The trial court correctly

denied the motion for directed verdict and properly refused to grant a new trial.

2. Appellant next asserts that the trial court's charge on the legal concept of "parties to a crime" was "incomplete, deficient, and deprived [appellant] of her right to a fair trial."

The record affirmatively discloses that appellant failed either to request a specific charge on the definition of the term "party to a crime," or to object, after being given the opportunity to do so, to the court's failure to give a more detailed charge on the definition of "parties to a crime" than was in fact given. Appellant's failure to raise objections applicable to the charge on "parties to a crime" in response to the trial court's inquiry constituted an effective waiver of her right to raise the issue on appeal. See *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979); *Wilcox v. State,* 153 Ga. App. 719 (266 SE2d 356) (1980); *Jackson v. State,* 246 Ga. 459 (1980).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted September 15, 1980 — Decided November 26, 1980.

*James C. Bonner, Jr.,* for appellant.
*Vickers Neugent, District Attorney,* for appellee.