James R. FOLEY and G. Larry Morgan, Plaintiffs-Appellants,

v.

The ALABAMA STATE BAR; Board of Commissioners of the Alabama State Bar et al., Defendants-Appellees.

No. 80–7001.

United States Court of Appeals, Fifth Circuit.

Unit B

June 19, 1981.

Smith, Huckaby & Graves, Gary C. Huckaby, Huntsville, Ala., for plaintiffs-appellants.

Rogers, Howard, Redden & Mills, L. Drew Redden, Birmingham, Ala., Lanier, Shaver & Herring, Harold F. Herring, Huntsville, Ala., for defendants-appellees.

Before JONES, TJOFLAT and ANDERSON, Circuit Judges.

TJOFLAT, Circuit Judge:

This is an appeal from the entry of summary judgment in favor of the Alabama State Bar. We reverse in part and remand for proceedings on the merits.

I

In February of 1979 James R. Foley and G. Larry Morgan, both licensed attorneys under Alabama law, began practicing law in Huntsville, Alabama under the name "The Legal Clinic of Foley & Morgan." Because the concept of a legal clinic was unique in the Huntsville area, Foley and Morgan decided that advertising was necessary, and immediately prior to opening their clinic advertised in the newspapers of general circulation in Madison County, Alabama. Each advertisement was headed by the statement, "DO YOU NEED A LAWYER? Legal Services At Very Reasonable Fees" and gave the legal clinic's name, address, and hours of operation. These advertisements also contained a list of fees for the following services: an initial consultation; deed preparation; an uncontested divorce or legal separation; a nonbusiness, no contest bankruptcy; a misdemeanor trial in municipal or district court; and a simple business incorporation. The advertisement specified that information concerning fees for other services would be furnished upon request and that free parking was available.

Pursuant to the Code of Professional Responsibility of the Alabama State Bar, Foley and Morgan forwarded a copy of their advertisements to the chairman of the local grievance committee of the Bar. Soon thereafter, they were summoned to appear before the grievance committee. After this meeting the Bar's General Counsel filed a summons and ten charges against Foley and Morgan, alleging that they were guilty of violating Disciplinary Rules 2–102(B)[1], 2–102(A)(7)(b) & (f)[2], 2–102(A)[3], and 2–

1. A lawyer in private practice shall not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, or a firm name, containing names other than those of one or more of the lawyers in the firm, except that the name of a professional corporation or professional association may contain "P.C." or "P.A." or similar symbols indicating the nature of the organization and if otherwise lawful a firm may use as, or continue to include in, its name the name or names of one or more deceased or retired members of the firm or of a predecessor firm in a continuing line of succession. A law-

yer who assumes a full-time judicial, public executive or administrative post or office shall not permit his name to remain in the name of a law firm or to be used in professional notices of the firm during any significant period in which he is not actively and regularly practicing law as a member of the firm, and during such period other members of the firm shall not use his name in the firm name or in professional notices of the firm.

2. (7) Although commercial advertising by lawyers is not encouraged, such advertising is per-

103(A)(5)[4] of the Code of Professional Responsibility of the Alabama State Bar.

Foley and Morgan thereupon filed suit in federal district court, against the Alabama State Bar and certain of its officials. They asserted that their prosecution at the hands of the Alabama State Bar and its named agents constituted a violation of first amendment rights and thus was actionable under 42 U.S.C. §§ 1983, 1985 and 1986 (1976). They also alleged that certain of the disciplinary rules were facially unconstitutional; and that the defendants had violated the Sherman Anti-Trust Act. 15 U.S.C. § 1 *et seq.* (1976). Plaintiffs sought a preliminary injunction against enforcement of the rules, a declaration of the unconstitutionality of certain rules[5], and damages.

The Alabama State Bar and the various other named defendants responded with a motion to dismiss. The district court refused to issue a preliminary injunction and treated the defendants' motion to dismiss as

one for summary judgment. After submission of affidavits, the court ruled for the defendants on all counts, holding that the state action exemption to the Sherman Anti-Trust Act, *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), precluded liability under that statute, and that the disciplinary rules in question were reasonable restrictions "on the manner of advertising designed to enable the State Bar to determine which advertising is false and misleading," record, vol. 1 at 168, and therefore did not run afoul of the first amendment. This appeal followed.

## II

We hold that the district court was correct in denying the plaintiffs' motion to enjoin the Bar's attempted enforcement of the disciplinary rules, and, also, in holding the antitrust claim barred by the state action exemption. We find, however, that it was improper to decide the first amendment claim on a motion for summary judgment.

missible, subject to the following limitations, qualifications and requirements.

. . . . .

    (b) The advertisement may contain a description of routine legal services performed by the lawyer. "Routine legal services" are limited to uncontested divorces, uncontested adoptions, simple personal bankruptcies and changes of name. If the advertisement states the fees charged for such services, it shall only state the maximum lawyer's fee to be charged therefor and a separate, reasonably accurate estimate of the costs that will be incurred in addition to the lawyer's fees.

. . . . .

    (f) No advertisement shall be published unless it contains, in print not smaller than the largest type utilized in the advertisement, the following language:
"No representation is made as to the quality of legal services to be performed or the expertise of the lawyer to perform such services.
"Any complaint concerning any representation made herein may be made by a signed writing to:
    The General Counsel of the Alabama State Bar, State Bar Headquarters, 415 Dexter Avenue, Montgomery, Alabama."

**3.** DR 2–101 Publicity in General.
    (A) A lawyer shall not prepare, cause to be prepared, use, or participate in the use of any form of public communication that contains

professionally self-laudatory statements calculated to attract lay clients; as used herein, "public communication" includes, but is not limited to, communication by means of television, radio, motion picture, newspaper, magazine, or book.

**4.** DR 2–103 Solicitation of Business.
    (A) A lawyer shall not:

. . . . .

    (5) Give or offer to give a valuable consideration to any person as an inducement to placing in his hands or in the hands of any partnership of which he is a member, or in the hands of any person from whose employment there is any expectation of profit or benefit, directly or indirectly, to himself, a claim or demand or item of business of any kind.

**5.** Plaintiffs focused their claim for declaratory relief on DR 2–102(A)(7)(e):
    A true copy of all such advertisement shall be delivered or mailed to the Grievance Committee of the Board of Commissioners of the Alabama State Bar at its then current office headquarters within three (3) days of the date of which any such advertisement is first published; the contemplated duration thereof, and the identity of the publisher of such advertisement or by separate communication accompanying said advertisement, shall be stated.

### A.

A preliminary injunction is an extraordinary remedy committed to the discretionary power of a district court. It follows that a district court's decision on a motion for a preliminary injunction will only be disturbed if the record reveals an abuse of that discretion. *State of Texas v. Seatrain International, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975). We have delineated the horizons within which a district court must exercise this discretion:

> In every case the district court must find that the moving party has satisfied four prerequisites for [a preliminary injunction]. These are: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if it is issued, would not be adverse to the public interest.

*Compact Van Equipment Co., Inc. v. Leggett & Platt, Inc.,* 566 F.2d 952, 954 (5th Cir. 1978).

We believe the district court was correct in finding that the plaintiffs failed to carry their burden of establishing these four prerequisites to injunctive relief. To dispose of this appeal, however, we only need reach the question of whether they demonstrated a *substantial* likelihood of prevailing on the merits.

The district court found that the challenged disciplinary rules are reasonable restrictions on lawyer advertising, designed to combat the danger of false and misleading, and hence unprotected, commercial speech. In *Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), the Supreme Court stated in regard to lawyer advertising that "[a]s with other varieties of speech, it follows as well that there may be reasonable restrictions on the time, place, and manner of advertising . . . ." *Id.* at 405, 97 S.Ct. at 2709. "In sum, we recognize that many of the problems in defining the boundary between deceptive and nondeceptive advertising remain to be resolved . . . ." *Id.*

Whether appellants will prevail in this appeal will turn, therefore, on the fit between the prohibitions of the Alabama State Bar's disciplinary rules and the demands of the first amendment. While the Supreme Court has articulated the basic concerns that must guide such an evaluation, it is clear that the horizons of first amendment protection in this area have not been identified with the clarity that comes from the resolution of numerous similar fact situations. Given the uncertain contours of the law, we believe the record in this case is inadequate to demonstrate that plaintiffs have a substantial likelihood of prevailing on the merits. Although some portions of the advertisements at issue are clearly within the category of routine legal services, with respect to which the Supreme Court in *Bates* has held that truthful advertising cannot be restrained, other portions— e. g., misdemeanor trials—may not be. We cannot say that the law is sufficiently well established, as applied to the advertisements at issue, that the district court abused its discretion in denying the plaintiffs' motion for preliminary injunction. Thus, the district court was well within its power in refusing to find that heightened probability of success on the merits that must undergird the grant of a preliminary injunction.

### B.

In *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), the Supreme Court held that Congress did not intend the Sherman Anti-Trust Act to apply against certain state action. Subsequent cases clarified the scope of this ruling. *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975), held the state action exemption inapplicable to the price fixing activities of state and county bar associations when the anticompetitive activities were not "compelled by direction of the State acting as a sovereign." *Id.* at 791, 95 S.Ct. at 2015. *Bates v. State Bar of*

*Arizona,* 433 U.S. 350, 97 S.Ct. 2691 (1977), further refined the scope of the exemption. In *Bates* the Court found that the challenged restraint on lawyer advertising was "the affirmative command of the Arizona Supreme Court ... the ultimate body wielding the State's power over the practice of law..." *Id.* at 360, 97 S.Ct. at 2697. The suit against the Bar, therefore, was really a claim against the state. "The Arizona Supreme Court is the real party in interest; it adopted the rules, and it is the ultimate trier of fact and law in the enforcement process.... Although the State Bar plays a part in the enforcement of the rules, its role is completely defined by the court; the [Bar] acts as the agent of the court under its continuous supervision." *Id.* at 361, 97 S.Ct. at 2697. Thus, the disciplinary rules in question were said to "reflect a clear articulation of the State's policy with regard to professional behavior", *id.* at 362, 97 S.Ct. at 2698, and the anti-trust attack on them was barred by *Parker v. Brown.*

The case before us is not appreciably distinguishable from *Bates.* The disciplinary rules of the Alabama State Bar are effectively the rules of the Supreme Court of Alabama. Ala.Code § 34–3–43(a)(3) (1975). *See also In re Griffith,* 283 Ala. 527, 219 So.2d 357, *cert. denied,* 396 U.S. 826, 90 S.Ct. 69, 24 L.Ed.2d 76 (1969). Moreover, the Bar is a component of the Alabama judiciary, subject to the supervision of the Alabama Supreme Court, and thus it acts as an agent of the state when it regulates attorneys. *See Board of Commissioners of the Alabama State Bar v. Baxley,* 295 Ala. 100, 324 So.2d 256 (1976). The Bar's activities, therefore, are within the *Parker v. Brown* exemption.

Appellants have also sued the President and the General Counsel of the Alabama State Bar for the same anti-trust violations alleged against the state bar and its governing body. The *Parker v. Brown* "shield of immunity, of course, is not limited to governmental agencies alone but extends as well to officers or agents of the State." *Saenz v. University Interscholastic League,* 487 F.2d 1026, 1028 (5th Cir. 1973). The allegations concerning the individual defendants in this suit indicate that defendants' activities were undertaken within the scope of their duties as agents of the state, and therefore also fall within the protection of the *Parker v. Brown* umbrella. *Id. See also City of Lafayette, Louisiana v. Louisiana Power & Light Company,* 532 F.2d 431, 435 (5th Cir. 1976), *aff'd City of Lafayette, La. v. La. Power & Light Co.,* 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978).

## C.

In their complaint, the plaintiffs alleged that certain disciplinary rules of the Alabama State Bar, both facially and as applied, adversely affected their first amendment rights; accordingly, they prayed for relief under 42 U.S.C. § 1983 (1976). Plaintiffs also alleged that the defendants conspired to deprive them of their first amendment rights, and thereafter negligently allowed that deprivation to occur. They sought relief for this conduct under 42 U.S.C. §§ 1985 & 86 (1976).

The district court disposed of all these claims on a motion for summary judgment. Summary judgment is appropriate, however, only when "there is not the slightest doubt as to the facts and ... only the legal conclusion remains to be resolved." *Insurance Co. of North America v. Bosworth Construction Co.,* 469 F.2d 1266, 1268 (5th Cir. 1972). The record in this case, however, is completely inadequate to support a finding that no material issue of face exists between the parties. The district court has simply not spoken to the chill on exercise of first amendment rights allegedly inflicted by the disciplinary rules, nor has the court addressed the issues of conspiracy or negligence, all of which remain open factual issues in light of the affidavits of the parties. Rather, the court has sidestepped the factual issues in favor of a conclusory finding that "there has been no deprivation of constitutional rights as a result of the promulgation of the disciplinary rules or the subsequent enforcement proceedings." Record, vol. 1 at 168. This is a premature observation.

Appellants would be entitled to recover under 42 U.S.C. § 1983 (1976) if they proved a "deprivation of a federal constitutional or legal right which ... resulted from 'the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the stature of a violation of the Constitution'." *Wright v. El Paso County Jail*, 642 F.2d 134, at 135, 136 (5th Cir. 1981) (citation omitted) (*quoting Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980)). Appellants have alleged that officers of the Alabama State Bar abused their governmental power by promulgating and enforcing disciplinary rules that chill their exercise of federally guaranteed first amendment rights. These officers have specifically contested the accuracy of that factual allegation. *Brief for Appellees* at 11. This presents an issue of fact precluding summary judgment. The same must be said in regard to appellant's allegations of conspiracy, *see Scott v. Moore*, 640 F.2d 708 (5th Cir. 1981), and negligence.

■ In concluding, we must address several other concerns raised by appellees. They assert that, aside from the reasons advanced by the district court, summary judgment was proper because the Alabama State Bar is not a properly suable entity. Appellees offer no authority to support this argument. We have allowed suits against the Alabama State Bar in the past, *see Parrish v. Board of Commissioners of the Alabama State Bar*, 533 F.2d 942 (5th Cir. 1976), and see no merit in appellees' contention. Appellees also assert that summary judgment is proper because the Commissioners of the State Bar are absolutely immune from damages in this civil rights case. In response, appellants' suit surely encompassed more than a claim for monetary relief, and thus any individual damage immunity would not be dispositive of the case. Furthermore, the individual appellees are not entitled to the total, absolute immunity they claim. *See Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 1975–77, 64 L.Ed.2d 641 (1980). Moreover, as we have stressed in the past, the issue of an immunity defense usually turns on issues of fact. *Slavin v. Curry*, 574 F.2d

1256 (5th Cir.) *modified on other grounds*, 583 F.2d 779 (5th Cir. 1978). *See also Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978); *Princeton Community Phone Book, Inc. v. Bate*, 582 F.2d 706, 711–715 (3d Cir.), *cert. denied*, 439 U.S. 966, 99 S.Ct. 454, 58 L.Ed.2d 424 (1978). The affidavit plaintiffs submitted to the district court raised important factual issues of good faith, record, vol. 1 at 115, and thus in this case the issue of immunity was not subject to final resolution on a motion for summary judgment.

■ Finally, appellees urge us, on the authority of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to abstain from resolution of the federal constitutional issues raised by this case; the state bar disciplinary procedure, they assert, is the proper forum to decide these issues. *Brief for Appellees* at 22. There is no merit to this contention: "*Younger* dismissal is called for only in those circumstances where successful defense of a state enforcement proceeding, initiated before substantial federal proceedings on the merits had occurred, *would fully vindicate the federal plaintiff's federal right.*" *Morial v. Judiciary Commission of State of La.*, 565 F.2d 295, 299 (5th Cir. 1977) (en banc) (emphasis added), *cert. denied*, 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1978). There is no indication that appellants may vindicate their constitutional rights in the state bar disciplinary proceedings, and thus we have no mandate to abstain from entertaining this suit.

For the foregoing reasons the order of the district court must be reversed, and the cause remanded for proceedings on the merits.

REVERSED and REMANDED for further proceedings.