**Joseph MULLIGAN, Petitioner,**

v.

**Walter B. ZANT, Superintendent, Georgia Diagnostic and Classification Center, Respondent.**

Civ. A. No. 82–6–COL.

United States District Court, M. D. Georgia, Columbus Division.

Jan. 19, 1982.

Millard C. Farmer, Jr., Atlanta, Ga., for petitioner.

Daryl A. Robinson, Asst. Atty. Gen., State of Georgia, Atlanta, Ga., for respondent.

**MEMORANDUM AND ORDER ON MOTION FOR STAY OF EXECUTION**

ELLIOTT, District Judge.

Joseph Mulligan, petitioner in this habeas corpus proceeding, on January 18, 1982, filed his federal habeas corpus petition and simultaneously filed a motion for stay of execution of a death sentence set for January 21, 1982. The motion for a stay was opposed by the Georgia Attorney General; a hearing on the motion was held on January 18, 1982, at which both parties were represented.

---

A review of the procedural history of this case, based upon pleadings filed with the Court by petitioner and respondent, is appropriate.

Petitioner was convicted on two counts of murder in the Superior Court of Muscogee County, Georgia, on November 4, 1976; he was sentenced to death on both counts. Following conviction and sentence an automatic appeal was taken to the Supreme Court of Georgia. That Court affirmed both convictions but vacated one death penalty sentence, directing that a life sentence be imposed. The other death sentence was affirmed. *Mulligan v. State*, 245 Ga. 266, 264 S.E.2d 204 (1980). A petition for a writ of certiorari was filed in the United States Supreme Court. That Court denied the petition on November 10, 1980.

The petitioner then filed a state habeas corpus petition in the Superior Court of Butts County, Georgia, and counsel for petitioner and counsel for respondent each indicate that the contents of that petition are essentially the same as the petition presented to this Court. In the state habeas proceedings petitioner was allowed to present evidence by way of affidavit, as authorized by Ga.Code Ann. § 50–127(7). He did so, but it appears he limited the subject of the affidavits to his contention concerning trial counsel's conduct of the sentencing phase of trial. The trial transcript and record were also before the state habeas Court. That Court denied habeas corpus relief on April 22, 1981. Here again, pleadings submitted to the Court indicate that the state Court ruled on the issue of effectiveness of the trial attorney at sentencing, and the remaining issues were deemed abandoned.

An application for a certificate of probable cause to appeal was denied by the Supreme Court of Georgia on June 17, 1981. A petition for a writ of certiorari was denied by the United States Supreme Court on November 16, 1981. One week thereafter, on November 23, 1981, that order was made the order of the Superior Court of Butts County, the original state habeas Court.

No federal habeas corpus petition was filed at that time. Petitioner took no action whatsoever to present his allegations to this Court until a new execution date was set (on January 6, 1982) and execution was imminent (on January 21, 1982). The first telephone communication with this Court was on Friday, January 15, 1982. The federal petition was filed Monday, January 18, 1982.

Such inordinate delay in pressing federal constitutional claims appears to this Court to be motivated by a desire to prolong these proceedings as long as possible. Because counsel for petitioner stated at the hearing on the stay that the allegations in the federal petition are essentially identical to the state petition, there appears to be no reason why the federal petition could not have been filed more expeditiously. Petitioner is not justified in presuming that such a drastic measure as staying an order of a state Court of competent jurisdiction will be a natural course of events simply because he is attacking a sentence of death.

Respondent argues that the extraordinary remedy of a stay of execution is equivalent to the issuance of a preliminary injunction, and that similar considerations apply in the Court's exercise of its discretion. *See, e.g., Foley v. Alabama State Bar*, 648 F.2d 355, 358 (5th Cir. 1981). The argument is persuasive. The four considerations are familiar and furnish some guidance in this matter. Foremost, as this Court perceives the issue, is whether petitioner has shown a *substantial* likelihood of success on the merits of his claims. At the hearing on the motion petitioner presented no evidence; rather, the petition was filed and an assertion was made that it certainly was "not frivolous." But frivolity, or the lack thereof, is not the standard which this Court applies. Petitioner must show a substantial likelihood of success. This he has not done. It appears that only one issue was considered on the merits by the state habeas Court, the rest being deemed abandoned. On that issue, the effectiveness of trial counsel in choosing not to present mitigating evidence during the penalty phase of trial, petitioner has presented nothing to

alter the finding of the state habeas Court, or to show how he is substantially likely to prevail in this Court after having been denied relief in the state habeas Court, the state Supreme Court, and the United States Supreme Court.

Regarding the petitioner's contention of irreparable injury, the law cannot contemplate the carrying out of the execution alone as that harm, else that single consideration becomes overriding to the exclusion of the first consideration, *i.e.*, a substantial likelihood of success on the merits. The Court notes again that petitioner delayed almost two months from the time the last state action was taken until he filed his federal petition.

■ A stay of execution should be granted only after careful consideration. It should not be regarded as an automatic remedy granted simply upon request, regardless of the timing of that request. A petitioner should not be allowed to delay until the eve of execution before seeking redress and then expect miraculous intervention. Particularly is this true when there has been no showing of a substantial likelihood that petitioner will be granted relief on the merits of his claims.

■ In the present case petitioner has failed to establish that it is substantially likely he will succeed. In fact, it appears to be so unlikely that the petitioner will be granted relief on the merits that this Court determines that no order of this Court should thwart a presumptively valid order of a competent state Court. The principles of "our federalism," so often praised in theory but so rarely applied in practice, dictate this conclusion.

Under the circumstances here presented, IT IS ORDERED that the motion for stay of execution be, and the same is hereby, DENIED.