## A89A0028. MOYE v. THE STATE.

(379 SE2d 17)

DEEN, Presiding Judge.

Edward Dewey Moye was convicted of possession of cocaine with intent to distribute, and contributing to the delinquency of a minor. On appeal, he contends that the trial court erred in denying his motion for a directed verdict because there was insufficient evidence to convict him of the offenses with which he was charged, and that it was error for the court to admit evidence of an alleged theft because it was not relevant, had no probative value, and placed his character in issue.

1. Appellant first argues that the State failed to prove that he had either actual or constructive possession of the cocaine because the only evidence was the uncorroborated testimony of an alleged accomplice.

The evidence showed that a former auxillary deputy sheriff, Emmett Pinkston, observed a seventeen-year-old ("Troy") enter a pharmacy and noticed what appeared to be needle marks on his arm. He saw Troy purchase insulin syringes, leave the pharmacy, and enter a pick-up truck containing two other males. Pinkston followed the truck to a wooded area, and then he contacted Special Agent Cuellar of the Lowndes/Valdosta Drug Unit. He met Cuellar and other agents and pointed out the location where the truck entered the woods. The agents observed the truck coming out of this location. It contained appellant, who was seated by the passenger window; Troy, who was seated in the middle; and a sixteen-year-old ("Jared"), who was driving. Cuellar observed Troy moving about as if attempting to hide something to his right as the officers were pulling the vehicle over to

question the occupants. After the men exited the vehicle at the agents' request, one of the agents noticed a corner piece of an envelope in the vehicle which contained a white powdery substance. It field-tested positive for cocaine, and the three men were arrested. A bag containing syringes and a straw was also recovered from the truck.

At trial, a chemist with the State Crime Laboratory testified that the item, identified as State's Exhibit 1, tested positive for cocaine.

Jared testified that he was driving his truck on the day in question and that Troy and the accused were his passengers. They went to a location where Troy went to a house and stole a television set. They then went to another house, which Moye entered with the television set and returned with cocaine. Jared then drove his truck to the drug store, where Troy purchased some syringes and then proceeded to a Hardee's restaurant drive-through and obtained a cup of water. They next went to a wooded area, where Moye mixed some of the cocaine with water and injected the mixture into himself. Jared and Troy used a straw to snort the cocaine.

While a conviction which is based on the uncorroborated testimony of an accomplice cannot stand, slight evidence from an extraneous source which tends to connect the defendant to the crime or leads to the inference that he is guilty is sufficient to corroborate the accomplice's testimony. *Dickerson v. State*, 161 Ga. App. 178 (288 SE2d 131) (1982). The testimony of the accomplice need not be corroborated in every material particular. Slight evidence from an extraneous source which identifies the accused as a participant in the crime is sufficient to support a guilty verdict. *Bennett v. State*, 156 Ga. App. 617 (275 SE2d 701) (1980).

Jared's testimony was supported by Pinkston's observation in the pharmacy, Agent Cuellar's identification of the accused as one of three individuals in the pick-up truck who were leaving the wooded area, the positive field-test for cocaine of the material found in the truck, the chemist's testimony that the substance was cocaine, and the recovery of syringes and a straw from the truck. This evidence also corroborated Jared's testimony that Moye distributed the cocaine to Troy and himself.

2. The evidence showed that one of Moye's companions, a juvenile named Troy, stole a television set, which the accused exchanged for cocaine which Moye and his companion ingested in the woods. The court admitted this evidence as a part of the res gestae for the limited purpose of showing how Moye obtained the cocaine which he shared with the juveniles. "Evidence that is otherwise relevant or material to the issues in a criminal case does not become inadmissible simply because it concerns separate offenses, or because it incidentally puts a criminal defendant's character or reputation in evidence."

*Drake v. State*, 245 Ga. 798, 802 (267 SE2d 237) (1980). "This rule has been applied specifically to evidence showing the circumstances relating to a defendant's arrest." *Fudge v. State*, 184 Ga. App. 590, 591 (362 SE2d 147) (1987).

Moreover, even if the character evidence was impermissibly introduced into evidence, it does not rise to the level of reversible error in the case at bar since it is highly probable that any alleged error did not contribute to the verdict. *Sultenfuss v. State*, 185 Ga. App. 47, 51 (363 SE2d 337) (1987).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED FEBRUARY 22, 1989.

*L. Howard Freeman, Jr.*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.